No. 16,853.

ROSA ET AL. *v.* UNION PACIFIC RAILROAD
COMPANY ET AL.
(252 P. [2d] 825)

Decided December 26, 1952.   Rehearing denied, February 2, 1953.

1

**2**

Mr. HARRY A. FEDER, for plaintiffs in error.

Mr. E. G. KNOWLES, Mr. CLAYTON D. KNOWLES, Mr. WALTER O. CASS, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE question presented in this proceeding is whether or not, in a negligence case, in which defendant has alleged contributory negligence on the part of plaintiff, which negligence is fairly well established by the latter's deposition, and where plaintiff, in a reply to such defensive allegation pleads the doctrine of last clear chance, the granting of defendant's motion for summary judgment is error on the part of the trial court?

The parties appear here as in the trial court. John Rosa, as driver of an automobile belonging to his wife, Clara Rosa, joined his wife in an action as coplaintiff for the recovery of damages to her automobile and personal injuries to himself, as a result of an automobile accident, alleged to have been caused by the negligent operation of a locomotive of the Union Pacific Railroad Company by the codefendants as employees. Defendants answered, denying negligence and alleging contributory negligence. Plaintiffs replied, setting up the plea of the doctrine of

last clear chance. Deposition was taken of John Rosa, after which defendants moved for a summary judgment on the pleadings and the deposition of plaintiff John Rosa, which motion was granted by the court, and plaintiffs seek reversal on the general ground as stated at the outset of this opinion.

On the night of October 7, 1949, at about eight o'clock P. M., plaintiff John Rosa, while driving a 1948 Buick sedan, in good operating condition, on the 23rd street viaduct in the City and County of Denver, and turning off said viaduct on a ramp therefrom running down into an area of railroad or switch tracks of defendant railroad company located near the Denargo Market, was struck, when crossing one of the tracks, by a locomotive of defendant railroad company, resulting in damages to the automobile and some personal injury to himself.

It is disclosed by his deposition that he was thoroughly familiar with the area he was entering, having driven over it very frequently during a period of ten or eleven years in going to and from the Denargo Market where he was interested as one of the directors of the Growers' Public Market Association, which was quartered in the market. He said he was aware of the many tracks in the area; that cars and engines were in switching operations much of the time; and that on this particular evening he observed locomotives, and their headlights, in operation while he was still on the viaduct; that he drove down the ramp into this area, and at the foot of the ramp, stopped and put his automobile in low gear and proceeded across the tracks at a rate of about ten or twelve miles per hour. He stated that he could have stopped his car in two or three feet; that he looked in all directions and saw no locomotive approaching; that the first thing he knew was when he was struck by the locomotive and he did not know where it came from; that the locomotive stopped immediately and its operators came to him with lanterns. He said, "I told them it was a heck of a time to come out with those lanterns." They asked him if he was

4

hurt. He said, "They said that they saw me coming so slow and thought I was going to stop." He further said it might have come from a different switch, but he looked both ways and did not see it, the only thing, he just heard a noise, he did not know whether it was brakes or what, but it was there, and at the same time he got hit. Counsel for plaintiff in error seems to take the position that, admitting for the sake of argument, plaintiff John Rosa was guilty of contributory negligence, and where plaintiff had injected the last clear chance doctrine, there was a genuine issue presented, which it was impossible to determine from the mere statement of plaintiff in the deposition; and whether or not defendant, on seeing plaintiff in the position of peril, could have avoided the accident. He contends this is a question to be determined from other undisclosed facts, and, consequently, a summary judgment was erroneously entered.

The question of fact thus presented, or questions of fact that might be presented upon trial, is such, or may be such, that reasonable men might fairly differ as to their solution; the determination thereof is a matter for the jury, and therefore does not give rise to a situation such as would justify the entry of a summary judgment.

Counsel for defendants urge that since plaintiff's negligence was a continuing one up to the point of the collision, there was no chance for defendants to determine that plaintiff was in a position of peril, therefore the doctrine of last clear chance did not apply. As indicated above, we are not in harmony with that contention.

It is ordered that the judgment be set aside, and the cause remanded for further proceedings as the parties may be advised.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE STONE dissent.